UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state-chartered bank,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEVEN WILLIAMS, an individual, and trustee of The Williams Family Trust,<br><br>　　　　Defendant. | 3:11-CV-00215-LRH-VPC<br><br>ORDER |

On March 24, 2011, Defendant Steven Williams filed a notice of removal (#1[1]) asserting that the above-entitled action is removable under 28 U.S.C. § 1441(b) based upon the existence of diversity jurisdiction under 28 U.S.C. § 1332.  On March 28, 2011, Plaintiff Sterling Savings Bank filed a motion to remand (#5) and a motion to shorten time on the motion to remand (#6).

In diversity cases, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  "Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th

---

[1] Refers to the court's docket entry number.

1  Cir. 2006). Here, Defendant is alleged to be, and does not contest he is, a resident of Nevada.
2  *See* Doc. #1, p. 2. Removal is therefore not permitted under § 1441(b), and remand to state court is
3  required.
4      IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#5) is GRANTED.
5      IT IS FURTHER ORDERED that Plaintiff's Motion for Order Shortening Time on Sterling
6  Savings Motion to Remand (#6) is DENIED as moot.
7      IT IS FURTHER ORDERED that this case is remanded to the Second Judicial District
8  Court of Washoe County, Nevada.
9      IT IS SO ORDERED.
10     DATED this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE